# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3115 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Chgo. Truck Drivers,etc. Vs. Local 710,etc.,et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: this Court holds that the Health and Welfare Fund is acting as a fiduciary, and jurisdiction is proper. Defendant Local 710's motion for leave to file third party complaint, counterclaim and cross-claim[38-1] is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | MAR 2 2 2004 date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) HEALTH AND WELFARE FUND, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Ronald A. Guzmán |
| LOCAL 710, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, as successor to the Chicago Truck Drivers, Helpers and Warehouse Workers Union and CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, | ) ) ) ) ) ) ) ) ) ) | 02 C 3115 |
| Defendants. | ) ) | MAR 2 2 2004 |

## MEMORANDUM OPINION AND ORDER

Before this Court are issues regarding the capacity in which Plaintiff Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund ("Health and Welfare Fund") has sued Defendants Local 710, International Brotherhood of Teamsters ("Local 710") and Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund ("Pension Fund") and related jurisdictional issues. For the reasons set forth below, the Court holds that the Health and Welfare Fund brings this action in its fiduciary capacity and jurisdiction exists.

## BACKGROUND

Plaintiff has sued defendants pursuant to the Employee Retirement Income

Security Act of 1974, § 2 *et seq.*, 29 U.S.C.A. § 1001 *et seq.* ("ERISA"), and seeks a declaratory judgment regarding the proper distribution of demutualization compensation that resulted from the Principal Financial Group's conversion from a mutual insurance company into a public stock company. The Health and Welfare Fund seeks a declaration from the Court that the demutualization compensation is a plan asset and should revert to the plan participants. Defendants, of course, disagree.

Before analyzing the parties' motions for summary judgment, the Court paused to determine whether Plaintiff was suing as a fiduciary of the employee-participants or as an employer. On September 4, 2003, the Court *sua sponte* raised the issue of whether federal jurisdiction exists in this case. The Court's concern was that the Health and Welfare Fund, an employer, brought the declaratory action, but the Health and Welfare Fund will benefit should the Court rule in favor of Defendants. Further, the Health and Welfare Fund had not specified in the case's caption that it was bringing the action as a trustee for the employee-participants, *i.e.*, acting in its fiduciary capacity. The parties presented arguments at a hearing on October 27, 2003 and briefed the issue of whether Plaintiff is the proper plaintiff and whether any conflict of interest exists.

## DISCUSSION

"[T]he federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction." *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). Thus, a court may, and must, raise *sua sponte* the question of whether jurisdiction is proper. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987) ("It is always proper for a federal court to raise the issue of its own subject matter jurisdiction

2

under Rule 12(b)(1)."); *see* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In ERISA cases where a party may have a conflict of interest, the threshold question is whether the party is acting as a fiduciary when filing the complaint with the Court. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Generally, fiduciary duties under ERISA are defined by function, rather than form. *See* 29 U.S.C. § 1002(21)(A); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) ("ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan . . . .") (emphasis in original). Therefore, any party exercising control or authority over the plan's assets is an ERISA fiduciary. *Mertens*, 508 U.S. at 251.

The Health and Welfare Fund did not formally designate itself as a fiduciary for the employee-participants when it filed its Complaint with the Court. Despite this oversight, the Health and Welfare Fund has now represented in its submissions and at oral arguments that it has control and authority over the plan's assets; thus, it is a fiduciary.

Where a conflict of interest may exist, it is clear that an ERISA fiduciary must act solely in the best interest of its participants when making fiduciary decisions. *Id.* at 225. Conflicts of interest may arise, but ERISA does not preclude a party from serving as a trustee and as an employer. *Ches v. Archer*, 827 F. Supp. 159, 170 (W.D.N.Y. 1993) (finding a "conflict of interest attendant on the assumption of the dual capacity does not, in and of itself, constitute a violation of ERISA and that an officer/trustee in such a situation is allowed to justify one's determinations by demonstrating that they comport

3

with ERISA's substantive requirements").

The Health and Welfare Fund has an obvious conflict of interest. Should the Court rule in favor of the employee-participants, represented by the Health and Welfare Fund, the Health and Welfare Fund will actually lose money. However, if the Court rules in favor of Defendants, the Health and Welfare Fund stands to gain monetarily from the reversion of the demutualization compensation. Notwithstanding its obvious conflict of interest, the Health and Welfare Fund is permitted by law to serve as a fiduciary for the employee-participants. However, the Court emphasizes that while acting in its fiduciary capacity, the Health and Welfare Fund is required to act in the best interest of the employee-participants.

Furthermore, the Court recognizes that a trustee is the proper party to enforce fiduciary obligations regarding ERISA matters relating employee-participants. *See Koch Refining v. Farmers Union Cent. Exch.*, 831 F. 2d 1339, 1351 (7th Cir. 1987) (finding that trustees are best positioned to bring fiduciary matters "'for the protection of the entire community of interests in the corporation--creditors as well as stockholders'") (quoting *Pepper v. Litton*, 308 U.S. 295, 307 (1939)).

However, the Court does not believe it efficient to mandate Plaintiff to alter its complaint. The Health and Welfare Fund asserted that it was acting in a fiduciary capacity both at the oral hearing and in its related brief. (Pretrial Conf. Tr. at 2, 12; Pl.'s Resp. Defs.' Mem. Supp. Jurisdiction at 1.) Although Plaintiff brought the action on behalf of the Health and Welfare Fund and not as a trustee for the employee-participants of the Health and Welfare Fund, the Court finds that Plaintiff's repeated assertions are sufficient to show its position as fiduciary for the employee-participants of the plan. As a

4

result, the Court finds it unnecessary to join the employee-participants of the Health and Welfare Fund. Local 710's motion to add a third party complaint, counterclaim, and cross-claim is deemed moot.

Finally, jurisdiction cannot exist unless the constitutional standing requirements of a case or controversy under Article III are met. *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927-28 (7th Cir. 2000). To establish a case or controversy:

> First, the party must have suffered an injury in fact consisting of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent. . . . Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotations and citations omitted). When declaratory relief is sought, the alleged controversy must be immediate and real. *Norfolk S. Ry. Co. v. Guthrie*, 233 F.3d 532, 534 (7th Cir. 2000).

The Health and Welfare Fund complains that the money should revert to the employee-participants. According to Plaintiff, without a declaratory judgment from the Court, it is likely that the demutualization compensation distribution to the participants/beneficiaries would lead to lawsuits filed against the trustees by the employers. The Court finds this alleged controversy immediate and real, arising from a legally protected interest. Next, the Court recognizes that there is a causal connection between the injury to the participants and the distribution of the demutualization compensation. Finally, it is likely that the Health and Welfare Fund's employee-participants will be redressed should the Court find in its favor. Accordingly, because a case or controversy exists, this Court has proper subject matter jurisdiction. The motions

5

for summary judgment are thus reinstated and will be ruled upon by the Court by mail.

## CONCLUSION

For the foregoing reasons, this Court holds that the Health and Welfare Fund is acting as a fiduciary, and jurisdiction is proper.

**SO ORDERED**  ENTERED: 3/19/04

*(signed)*
**HON. RONALD A. GUZMAN**
**United States Judge**